UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-00009-JMS-CMM |
| | ) | |
| JESSIE JAMES LINARES, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**Order to Show Cause**

Defendant filed a renewed motion seeking compassionate release. Dkt. 930. He seeks immediate release from incarceration because of the COVID-19 pandemic. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he has various medical conditions that place him at risk for having a severe illness if infected with COVID-19, he has already contracted COVID-19, and he cannot adequately protect himself from being reinfected while incarcerated. *Id*. He also contends that extraordinary and compelling reasons warrant relief because his bout with COVID-19 left him with long-term effects and symptoms. *Id.* Finally, he argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because changes to his statute of conviction mean that he would likely receive a shorter sentence if he were sentenced today. *Id.*

The U.S. Court of Appeals for the Seventh Circuit has recently issued two opinions that affect the arguments Defendant makes in this case.

As noted, Defendant argues that the risk he faces from the COVID-19 pandemic represents an extraordinary and compelling reason warranting release. Earlier in the pandemic, the Court

1

found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer and Moderna vaccines. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer and Moderna vaccines are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 28, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of July 28, 2021, the BOP has administered more than 200,000 doses of the vaccine and has fully inoculated

tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 28, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited July 28, 2021). And, indeed, as of May 24, 2021, Defendant had received the first dose of the COVID-19 vaccines. *See* dkt. 939-1. At this point, he is presumably fully vaccinated against the virus, as are more than 80% of the inmates at Defendant's facility. *See* https://www.bop.gov/coronavirus/ (last visited July 28, 2021) (reporting that 815 inmates at FCI Ashland have been fully inoculated against COVID-19); *see* https://www.bop.gov/mobile/about/population_statistics.jsp (last visited July 28, 2021) (reporting that, as of July 15, 2021, 985 inmates are housed at FCI Ashland, including its satellite camp). The BOP's efforts at controlling the virus also seem to be meeting with some success. As of July 28, 2021, the BOP reports that only one inmate at FCI Ashland has an active case of COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 28, 2021).

Recently, the U.S. Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863 (7th Cir. July 21, 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *2; *see also id.* ("Vaccinated prisoners are not at greater risk of COVID-19 than other vaccinated

persons. (A more cautious statement would be that published data do not establish or imply an incremental risk for prisoners—either a risk of contracting the disease after vaccination or a risk of a severe outcome if a vaccinated person does contract the disease.).").

Given the reasoning of *Broadfield*, the fact that Defendant has been fully vaccinated against COVID-19, and the high rate of vaccination at Defendant's facility, it appears to the Court that the risk that Defendant will be reinfected with COVID-19 no longer potentially creates an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A).

It appears that one of Defendant's other "extraordinary and compelling" reasons for early release—that he would receive a shorter sentence if sentenced today— is also foreclosed by a recent Seventh Circuit case. In *United States v. Thacker*, __ F.4th__, No. 20-2943, 2021 WL 2979530 (7th Cir. July 15, 2021), the defendant sought compassionate release under § 3582(c)(1)(A). He argued that extraordinary and compelling reasons warranted relief in part because he would face a much shorter mandatory sentence if sentenced today. *Id.* at *1. Specifically, more than a decade ago, he received a sentence of 33 years and 4 months of imprisonment. *Id.* Seven of those years represented a mandatory minimum sentence for a conviction under 18 U.S.C. § 924(c). *Id.* Twenty-five of those years represented a mandatory, consecutive sentence for another conviction under § 924(c). *Id.* That is, the sentencing court had no choice but to sentence the defendant to at least 32 years of imprisonment. *Id.*

In December 2018, § 924(c) was amended by § 403 of the First Step Act of 2018. First Step Act of 2018, § 403(a), 132 Stat. 5194, 5222; *see* 28 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018). If sentenced under the amended § 924(c), the defendant would face only consecutive 7-year sentences for his § 924 convictions—that is, his mandatory minimum sentence would have been only 14 years, not 32 years. First Step Act of 2018, § 403(a), 132 Stat. at 5222. Congress,

however, explicitly declined to make § 403 retroactive, providing that the amendment applied only to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, § 403(b), 132 Stat. at 5222.

The defendant filed a motion for compassionate release, arguing that the disparity between the sentence he actually received and the sentence he would receive if sentenced today constituted an extraordinary and compelling reason for release. *Thacker*, 2021 WL 2979530, at *1. The district court denied his motion, and the Seventh Circuit affirmed, holding that Congress's deliberate decision to make the amendment to § 924(c) prospective only meant that the change to § 924(c) could not be an extraordinary and compelling reason for relief under § 3582(c)((1)(A). *Id.* at *3–4, 6.

In so holding, it explained that § 3582(c)(1)(A) gives sentencing courts broad discretion in deciding what constitutes extraordinary and compelling reasons warranting relief but concluded that this discretion "cannot be used to effect a sentencing reduction at odds with Congress's express determination embodied in § 403(b) of the First Step Act that the amendment to § 924(c)'s sentencing structure apply only prospectively." *Id.* at *3. It also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions established for federal prisoners to challenge their sentences [that is] embodied in . . . 28 U.S.C. § 2255 and accompanying provisions." *Id.* at *4. It explained the proper analysis:

> We take the opportunity here to answer squarely and definitively whether the change to § 924(c) can constitute an extraordinary and compelling reason for a sentencing reduction. It cannot.

5

> The proper analysis in evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons proceeds in two steps. At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction, but that reason cannot include, whether alone or in combination with others, consideration of the First Step Act's amendment to § 924(c). Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in [18 U.S.C.] § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* at *6.

Although the decision in *Thacker* explicitly applies only to cases based on the change to § 924(c), its rationale applies to the arguments Defendant makes in this case. Here, Defendant argues that he would face a lower mandatory minimum sentence if sentenced today because § 401 of the First Step Act lowered the mandatory minimum sentence for his crime of conviction. *See* dkt. 930; *see also* First Step Act, § 401, 132 Stat. at 5220–21; 21 U.S.C. § 841(b) (effective Dec. 21, 2018). However, as with § 403, Congress explicitly declined to make the sentencing change in § 401 retroactive. First Step Act, § 401(c), 132 Stat. at 5221 (First Step Act, § 401(c)) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.'"). In other words, § 401 does not apply retroactively. *See e.g., United States v. Jackson*, 940 F.3d 347, 353–54 (7th Cir. 2019); *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated and remanded for further consideration on other grounds*, *Pierson v. United States*, 140 S. Ct. 1291 (2020).

Accordingly, within **14 days of the date of this Order**, Defendant shall **show cause** why the Court should not find that, under *Broadfield* and *Thacker*, the risk of reinfection with COVID-19 and the disparity between the sentence Defendant received and the one he might receive if sentenced today cannot be extraordinary and compelling reasons warranting relief.

**If Defendant fails to respond as required by this Order, the Court will deem him to have abandoned his arguments about the risk of reinfection with COVID-19 and the sentencing disparity between the sentence he received and the sentence he might receive if sentenced today.**

**SO ORDERED.**

Date: 7/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel